IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
NEWNAN DIVISION

| | |
|---|---|
| **KEELAN SWINT** | |
| Plaintiff, | |
| **v.** | |
| **CITY OF CARROLLTON, GEORGIA; TIMOTHY GRIZZARD; FAITH PULLEN; PETER MAIERHOFER AND JULIE IVEY** | **CIVIL ACTION NO.** |
| Defendants**.** | |

## COMPLAINT

COMES NOW Plaintiff Keelan Swint (hereinafter "Plaintiff") and files this Complaint against Defendants City of Carrollton, Georgia ("City"), Timothy Grizzard, Faith Pullen, Peter Maierhofer and Julie Ivey (the "Individual Defendants") (collectively, "Defendants"), showing the Court as follows:

## INTRODUCTION

In March 2018, Timothy Grizzard, City Manager for the City of Carrollton, demoted Plaintiff from her position as the Director of Athletic Programming for the City of Carrollton Parks and Recreation Department to a janitorial position with a pay cut of $3,969.70, after she reported to the Director of Carrollton Parks, Recreation and Cultural Arts Department, Peter Maierhofer, that it was disclosed to her from a former employee for the with the City of Carrollton Cultural Arts Center, that a minor had been raped by an employee with the City Carrollton. Subsequently, the Plaintiff was terminated from her employment with the City of Carrollton for over 14 years, after she refused to sign and acknowledge a letter from Peter Maierhofer and Julie Ivey, Superintendent of Athletics/Aquatics. The letter from Peter Maierhofer and Julie Ivey alleged that Plaintiff had engaged in past workplace misconduct and that Plaintiff would have to abide by several employment terms in order to keep her employment as a janitor for the City of Carrollton.  Plaintiff refused to sign and acknowledge the letter because Plaintiff disagreed that she had engaged in any misconduct and she believed that the employment terms were unlawful. As a result of Plaintiff's illegal demotion and subsequent termination, the Plaintiff suffered and continues to suffer compensatory and special damages.

## JURIDSICTION AND VENUE

### 1.

Plaintiff brings these claims pursuant to 42 U.S.C. § 1983 and the First and Fourteenth Amendments to the United States Constitution.

### 2.

This Court has jurisdiction pursuant to 28 U.S.C. § 1331 and § 1343, which provide for original jurisdiction of this Court in suits based respectively on federal questions and authorized by 42 U.S.C. § 1983, which provides a cause of action for the protection of rights, privileges or immunities secured by the Constitution of the United States.

### 3.

Plaintiff brings state law claims pursuant to O.C.G.A. § 45-1-4 also known as the "Georgia Whistleblower Act" and under the common law of Georgia.

### 4.

This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367, which provides that in any civil action of which this Court has original jurisdiction, this Court shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

5.

Venue is proper in the Northern District of Georgia pursuant to 28 U.S.C. § 1391(b)(1), because Defendant City of Carrollton, Georgia is located in the Northern District of Georgia, and upon information and belief, all other Defendants reside in the Northern District of Georgia.

6.

In the alternative, venue is proper in the Northern District of Georgia pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims occurred in the Northern District of Georgia

PARTIES

7.

Plaintiff Keelan Swint is a resident of Carroll County, Georgia, and at all time relevant to this matter was a public employee for her public employer, City of Carrollton.

8.

Defendant City of Carrollton (hereinafter "City"), Georgia, is a political subdivision of the State of Georgia, located in Carroll County, Georgia, and is located within this District. The Carrollton Police Department is a law enforcement entity of the City of Carrollton, Georgia.  The City is subject to the jurisdiction of

4

this Court and may be served with process through, without limitation, its Mayor, Walter Hollingsworth, located at 315 Bradley Street, Carrollton, Georgia 30117; and City Attorney, Charles S. Conerly, Esq., Smith Conerly LLP, located at 402 Newnan Street, Carrollton, Georgia, 30117.

9.

Defendant Timothy Grizzard (hereinafter "Defendant Grizzard"), on information and belief, is a resident of Heard County, Georgia. Grizzard was at all times material to the allegations in this Complaint employed as Deputy City Manager or as City Manager for the City and was vested with the authority to act on behalf of the City. While so employed, he caused, created, authorized, condoned, ratified, approved, or knowingly acquiesced in the illegal and unconstitutional violations of Plaintiff's First and Fourteenth Amendments Rights, in Plaintiff's illegal and unconstitutional termination. Defendant Grizzard further participated in and created the conditions, actions, policies, customs, and practices that resulted in injury to Plaintiff. Plaintiff's injuries are directly and proximately caused by Defendant Grizzard's actions taken under the color of law and pursuant to the City's custom, policy, practice, and procedure, which resulted in deliberate indifference to Plaintiff's constitutional rights and other rights. Defendant Grizzard has, therefore, directly and proximately caused the injuries and violations of rights set forth below. He is sued in his individual capacity and in his official capacity.

10.

Defendant Faith Pullen (hereinafter "Defendant Pullen"), on information and belief, is a resident of Carroll County, Georgia. Defendant Pullen was at all times material to the allegations in this Complaint employed as Human Resources Director for the City and was vested with the authority to act on behalf of the City. While so employed, she caused, created, authorized, condoned, ratified, approved, or knowingly acquiesced in the illegal and unconstitutional violations of Plaintiff's First and Fourteenth Amendments Rights, in Plaintiff's illegal and unconstitutional termination. Defendant Pullen further participated in and created the conditions, actions, policies, customs, and practices that resulted in injury to Plaintiff. Plaintiff's injuries are directly and proximately caused by Defendant Pullen's actions taken under the color of law and pursuant to the City's custom, policy, practice, and procedure, which resulted in deliberate indifference to Plaintiff's constitutional rights and other rights. Defendant Pullen has, therefore, directly and proximately caused the injuries and violations of rights set forth below. She is sued in her individual capacity and in her official capacity.

11.

Defendant Peter Maierhofer (hereinafter "Defendant Maierhofer"), on information and belief, is a resident of Carroll County, Georgia. Defendant Maierhofer was at all times material to the allegations in this Complaint employed

as Director of Carrollton Parks, Recreation and Cultural Arts Department for the City and was vested with the authority to act on behalf of the City. While so employed, he caused, created, authorized, condoned, ratified, approved, or knowingly acquiesced in the illegal and unconstitutional violations of Plaintiff's First and Fourteenth Amendments Rights, in Plaintiff's illegal and unconstitutional termination. Defendant Maierhofer further participated in and created the conditions, actions, policies, customs, and practices that resulted in injury to Plaintiff. Plaintiff's injuries are directly and proximately caused by Defendant Maierhofer's actions taken under the color of law and pursuant to the City's custom, policy, practice, and procedure, which resulted in deliberate indifference to Plaintiff's constitutional rights and other rights. Defendant Maierhofer has, therefore, directly and proximately caused the injuries and violations of rights set forth below. He is sued in his individual capacity and in his official capacity.

## 12.

Defendant Julie Ivey (hereinafter "Defendant Ivey"), on information and belief, is a resident of Carroll County, Georgia. Defendant Pullen was at all times material to the allegations in this Complaint employed as Superintendent of Athletics/Aquatics at Carrollton Parks, Recreation, and Cultural Arts Department and was vested with the authority to act on behalf of the City. While so employed, she caused, created, authorized, condoned, ratified, approved, or knowingly

acquiesced in the illegal and unconstitutional violations of Plaintiff's First and Fourteenth Amendments Rights, in Plaintiff's illegal and unconstitutional termination. Defendant Ivey further participated in and created the conditions, actions, policies, customs, and practices that resulted in injury to Plaintiff. Plaintiff's injuries are directly and proximately caused by Defendant Ivey's actions taken under the color of law and pursuant to the City's custom, policy, practice, and procedure, which resulted in deliberate indifference to Plaintiff's constitutional rights and other rights. Defendant Ivey has, therefore, directly and proximately caused the injuries and violations of rights set forth below. She is sued in her individual capacity and in her official capacity.

## FACTUAL ALLEGATIONS

### 13.

Plaintiff was an employee for the City of Carrollton for over fourteen years. Notwithstanding the events surrounding this Complaint, during Plaintiff's fourteen-year tenure as an employee with the City, Plaintiff was never subjected to any disciplinary action. In 2017, she was promoted to Director of Athletic Programming in the Parks and Recreation Department.

14.

On or about January 22, 2018, it was disclosed to Plaintiff from a former co-worker who worked at the City of Carrollton's Cultural Arts Center, that a minor had disclosed to the said coworker, that the minor had been raped by an employee with the City of Carrollton's Cultural Arts Center.

15.

Pursuant to O.C.G.A. §19-7-5, Georgia Mandated Reporter Law, during Plaintiff's employment with the City, Plaintiff was mandated to report all allegation of "sexual abuse" of a person under the age of 18.

16.

Pursuant to O.C.G.A. §19-7-5, as an employee for a recreational program, Plaintiff has deemed a mandated reporter.

17.

On or about January 23, 2018, Plaintiff reported the alleged rape to her supervisor, Defendant Maeirhoefer.

18.

Approximately two days later, Plaintiff was called to meet with Defendant Pullen and Defendant Grizzard. Defendants Pullen and Grizzard both directed Plaintiff not to discuss the alleged rape with anyone except them. Further, Plaintiff

was told by Defendants Pullen and Grizzard not to communicate with anyone who worked or work at the Cultural Arts Center.

19.

In early March of 2018, Plaintiff was demoted to a janitorial position with a pay cut of $3,969.70.  Defendant Grizzard informed Plaintiff that the reason why he was not going to keep her at her current position was because she meddled in an affair related to the Cultural Arts Center. Additionally, Defendant Grizzard informed Plaintiff that he would not create a position for her because she meddled in an affair related to the Cultural Arts Center.

20.

The following week, Plaintiff was called to meet with Defendants Maeirhoefer and Pullen. At the meeting, Defendant Maeirhoefer began to read from a letter that accused Plaintiff of past workplace misconduct and called for the Plaintiff to agree to terms on the condition of Plaintiff's continued employment with the City of Carrollton as a janitor.

21.

The terms on the condition of Plaintiff's continued employment with the City of Carrollton as a janitor are as follows:

1.     Do not involve yourself in anything ***associated*** with the Cultural Arts Center unless you are specifically directed to do so by your chain of command. It is particularly important that you stay out of matters concerning pending litigation, past or current employees, volunteers, or anyone associated with the Cultural Arts Center.

2.     Do not involve yourself in personnel related matters unless they are directly related to you. Even then, only discuss those issues with your chain of command or with the Human Resources Department.

3.     Do not discuss anyone's job performance with anyone other than your chain of command.

4.     Do not discuss your salary with anyone other than myself or the Human Resources Department.

5.     Do not discuss sensitive matters, particularly those that may be criminal, with anyone other than your chain of command or with law enforcement.

6.     Do not make threatening or disrespectful remarks or threats of legal action about other employees, your chain of command, or elected officials. This is a serious form of insubordination.

7.   You must sign this letter acknowledging that you have received and read the letter and its conditions.

22.

As a condition of Plaintiff's continued employment with the City, the "Individual Defendants" jointly and collectively restricted Plaintiff's communication and associating with *anyone* with the Cultural Arts Center. Such restriction was a clear violation of Plaintiff's constitutional rights.

23.

Further, the "Individual Defendants" jointly and collectively restricted the Plaintiff from communicating and associating with *all* others concerning all work-related concerns and issues. Such restriction was a clear violation of Plaintiff's constitutional rights.

24.

Plaintiff refused to sign the letter due to the fact she believed the accusations of misconduct were false and she believed that the conditions placed on her as a condition to her employment with the City, were unlawful and unfair.

25.

As a result of Plaintiff being accused of misconduct and being pressured by Defendants Maeirhoefor and Pullen to sign the letter, Plaintiff suffered an anxiety attack that required her to seek immediate medical attention.

12

26.

The next day, Plaintiff received a letter stating that her employment with the City of Carrollton was terminated effective immediately due to her refusal to sign the letter.

27.

Plaintiff discovered after her termination that that Defendant Grizzard had a close personal relationship with the employee who allegedly raped the minor at the time she disclosed to Defendant Maeirhoefor of the alleged rape, and at the time she was terminated from her employment.

28.

Additionally, Plaintiff discovered after her termination that Defendant Grizzard also harassed and retaliated against the employee who disclosed to Plaintiff that the minor had been raped, and that said employee resigned from her position from the City due to such harassment and retaliation.

29.

As a direct and proximate result of the Defendants' violations of the Plaintiff's constitutional rights, Defendants' violation of the Georgia Whistleblower Act and her termination, Plaintiff suffered and suffers damages and is entitled to relief.

## CLAIMS FOR RELIEF

## COUNT I – FIRST AND FOURTEENTH AMENDMENT
Violation of Plaintiff's Freedom of Association
(Against All Defendants)

30.

Plaintiff realleges and incorporates herein by reference each and every allegation contained in paragraphs 1 through 29 of this Complaint

31.

42 U.S.C. § 1983 provides that:

Every person, who under color of any statute, ordinance, regulation, custom or usage of any state or territory or the District of Columbia subjects or causes to be subjected any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges or immunities secured by the constitution and law shall be liable to the party injured in an action at law, suit in equity, or other appropriate proceeding for redress…

32.

Plaintiff in this action is a citizen of the United States, and all of the Defendants to this claim are persons for purposes of 42 U.S.C. § 1983.

33.

All individual Defendants to this claim, at all times relevant hereto, were acting under the color of state law in their capacity as employees for the City and their acts or omissions were conducted within the scope of their official duties or employment.

34.

At the time of the complained of events, Plaintiff had a clearly established constitutional right of freedom of association under the First and Fourteenth Amendments.

35.

Defendants' actions of violating Plaintiff's freedom of association, as described herein, were objectively unreasonable in light of the facts and circumstances.

36.

Defendants' violation of Plaintiff's freedom of association, as described herein, were also malicious and/or involved reckless, callous, and deliberate indifference to Plaintiff's federally protected rights. The Defendants' actions shocked the conscience and violated Plaintiff's First and Fourteenth Amendments rights.

37.

Specifically, Defendants violated Plaintiff's freedom of association and speech by mandating the Plaintiff as a condition of her employment, that she adheres unconstitutional employment terms.

38.

Defendants willfully, maliciously, in bad faith, and in reckless disregard, violated the Plaintiff's federally protected constitutional rights. They did so with shocking and willful indifference to Plaintiff's rights and their conscious awareness that they would cause Plaintiff severe physical and emotional injuries.

39.

The acts or omissions of all individual Defendants were moving forces behind Plaintiff's injuries.

40.

These individual Defendants acted in concert and joint action with each other.

41.

The acts or omissions of Defendants as described herein intentionally deprived Plaintiff of her constitutional rights and caused him other damages.

42.

These individual Defendants are not entitled to qualified immunity for their actions.

43.

As a proximate result of Defendants' unlawful conduct, Plaintiff has suffered actual physical and emotional injuries, and other damages and losses as

described herein entitling him to compensatory and special damages, in amounts to be determined at trial. As a further result of the Defendants' unlawful conduct, Plaintiff has incurred special damages, including medically related expenses and may continue to incur further medically and other special damages related expenses, in amounts to be established at trial.

**COUNT II – FIRST AND FOURTEENTH AMENDMENT**
Retaliation
(Against All Defendants)

44.

Plaintiff realleges and incorporates herein by reference each and every allegation contained in paragraphs 1 through 29 of this Complaint Amendments.

45.

Defendants' retaliation against Plaintiff after Plaintiff refused to sign and acknowledge a letter that restricted Plaintiff's freedom of association and speech.

46.

Defendants' retaliation against Plaintiff, as described herein, were also malicious and/or involved reckless, callous, and deliberate indifference to Plaintiff's federally protected rights. The Defendants' actions shock the conscience and violated Plaintiff's First and Fourteenth Amendments rights.

17

47.

Specifically, Defendants terminated Plaintiff after Plaintiff refused to sign and acknowledge a letter that restricted Plaintiff's freedom of association and speech.

48.

Defendants engaged in the conduct described by this Complaint willfully, maliciously, in bad faith, and in reckless disregard of the Plaintiff's federally protected constitutional rights. They did so with shocking and willful indifference to Plaintiff's rights and their conscious awareness that they would cause Plaintiff severe physical and emotional injuries.

49.

The acts or omissions of all individual Defendants were moving forces behind Plaintiff's injuries.

50.

These individual Defendants acted in concert and joint action with each other.

51.

The acts or omissions of Defendants as described herein intentionally deprived Plaintiff of her constitutional rights and caused him other damages.

52.

These individual Defendants are not entitled to qualified immunity for their actions.

53.

As a proximate result of Defendants' unlawful conduct, Plaintiff has suffered actual physical and emotional injuries, and other damages and losses as described herein entitling her to compensatory and special damages, in amounts to be determined at trial. As a further result of the Defendants' unlawful conduct, Plaintiff has incurred special damages, including medically related expenses and may continue to incur further medically and other special damages related expenses, in amounts to be established at trial.

54.

On information and belief, Plaintiff may suffer lost future earnings and impaired earnings capacities from the not yet fully ascertained sequelae of her injuries, in amounts to be ascertained in trial. Plaintiff is further entitled to attorneys' fees and costs pursuant to 42 U.S.C.§1988, pre-judgment interest and costs as allowable by federal law. There may also be special damages for lien interests.

## COUNT III - RETALIATION UNDER THE
## GEORGIA WHISTLEBLOWER ACT, O.C.G.A. § 45-1-4,
(Against City Defendant)

55.

Plaintiff realleges and incorporates herein by reference each and every allegation contained in paragraphs 1 through 29 of this Complaint Amendments.

56.

Pursuant to O.C.G.A. § 45-1-4, it is unlawful for a public employer to retaliate against a public employee for disclosing fraud, waste, abuse, or violations of law and rules, or regulations, in relation to any State programs or operations under the jurisdiction of such employer.

57.

The termination of the Plaintiff on March 15, 2018, was in retaliation for making disclosures protected under O.C.G.A. § 45-1-4.

58.

Defendant Grizzard's demotion of Plaintiff from her position as the Director of Athletic Programming for the City of Carrollton Parks and Recreation Department to a janitorial position with a pay cut of $3,969.70, after she reported to her supervisor Defendant Maierhofer, that it was disclosed to her from former

employee of the City of Carrollton Cultural Arts Center, that a minor had been raped by an employee with the City Carrollton, was retaliation under O.C.G.A. § 45-1-4.

59.

Rape is a clear violation of Georgia Law

60.

The Plaintiff's suspension/termination/dismissal constitutes as an adverse employment action under O.C.G.A. § 45-1-4.

61.

The City is liable for all economic and non-economic damages resulting from their acts of retaliation, pursuant to 0.C.G.A. § 45-1-4(e)(2)(D) and (E).

62.

The Plaintiff is entitled to recover damages for lost wages, the loss of accumulated fringe benefits of employment, loss of retirement income, diminished future earning capacity, tarnishment of her reputation, great uncertainty regarding her future, emotional distress, humiliation, and embarrassment, pursuant  to O.C.G.A.  § 45-1-4(e)(2)(D) and (E).

63.

The Plaintiff is entitled to recovery of her attorney's fees and all other

costs of litigation, pursuant to O.C.G.A. § 45-1-4(f).

## COUNT IV - INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS UNDER THE COMMON LAW OF GEORGIA
(Against All Individual Defendants in their individual capacities)

64.

Plaintiff realleges and incorporates herein by reference each and every allegation contained in paragraphs 1 through 29 of this Complaint

65.

The Individual Defendants' actions were not in the best interests of City and were taken to further the Defendants own personal agendas and to punish the Plaintiff for reporting an alleged Rape.

66.

The Individual Defendants' extreme and outrageous conduct caused the Plaintiff to suffer severe emotional distress.

67.

As a direct and proximate result of The Individual Defendants' extreme and outrageous conduct, the Plaintiff has suffered damages in an amount to be proven at trial.

68.

The Individual Defendants' actions demonstrate willful misconduct,

malice, wantonness, oppression and that entire want of care raising the presumption of conscious indifference to the consequences of their actions, entitling the Plaintiff to punitive damages under O.C.G.A § 51-12-5.1.

## **PRAYER FOR RELIEF**

Plaintiff prays that this Court enter judgment for the Plaintiff and against each of the Defendants and grant:

A. compensatory and consequential damages, including damages for emotional distress, humiliation, loss of enjoyment of life, and other pain and suffering on all claims allowed by law in an amount to be determined at trial;

B. economic losses on all claims allowed by law;

C. special damages in an amount to be determined at trial;

D. punitive damages on all claims allowed by law against individual Defendants and in an amount to be determined at trial;

E. attorneys' fees and the costs associated with this action under 42 U.S.C. § 1988, including expert witness fees, on all claims allowed by law and pursuant. to O.C.G.A. §45-1-4(f);

F. pre- and post-judgment interest at the lawful rate; and,

G. any further relief that this court deems just and proper, and any other appropriate relief a law and equity.

**PLAINTIFF REQUESTS A TRIAL BY JURY**


Respectfully submitted this 28th day of January 2019.


/s/Harry M. Daniels
Harry Daniels, Esq.
Georgia Bar No. 234158


**The Law Offices of Harry M. Daniels, LLC**

1100 Peachtree Street NE Suite 250
Atlanta, Georgia 30309
Tel: (678) 664-8529
Fax: (800) 867-5248
daniels@harrymdaniels.com

### CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 5.1

Pursuant to LR 5.1 of the Local Rules for the Northern District of Georgia, the undersigned counsel of record for Plaintiff hereby certifies that this pleading has been composed in Times New Roman 14-point font.


Respectfully submitted this 28th day of January 2019.


*/s/ Harry M, Daniels*
Harry M. Daniels